CC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 11 C 8210 |
| DANNY JOHNSON, SR.; ANNY JOHNSON, JR.; and DEANNE JOHNSON, | ) ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), initiated an interpleader action pursuant to Federal Rule of Civil Procedure 22 against Defendants Danny Johnson, Sr. ("Johnson"); Danny Johnson, Jr. ("Danny"); and Deanna Johnson ("Deanna"). On March 6, 2012, MetLife filed a Motion to Deposit Funds and for Dismissal with Prejudice. Johnson has filed a Counterclaim against MetLife. Danny and Deanna have neither filed appearances nor answered MetLife's Complaint.

MetLife's Motion has been granted as to MetLife's request to deposit funds, and on March 23, 2012, MetLife deposited funds in the amount of $91,673.65 with the Clerk of the Court. (*See* Dkt. No. 18.) Accordingly, only MetLife's Motion for Dismissal with Prejudice is presently before the Court.

## BACKGROUND

This case involves a dispute over the payment of death benefits from a life insurance policy issued by MetLife to the Geraldine Johnson ("Decedent") estate in the

amount of $178,000. The Decedent was covered under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by MetLife to the Office of Personnel Management, pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"). The Office of Federal Employees Group Life Insurance ("OFEGLI") is the administrative unit of MetLife responsible for administering the claim process of the FEGLI policy.

In December 2003, the Decedent died of a stab wound to the chest and the manner of death was determined to be a homicide. Johnson is the surviving spouse of the Decedent. Danny and Deanna are the surviving son and daughter, respectively, of the Decedent.

The beneficiary designation form on file for the Decedent names Johnson for 50 percent of the Policy's benefits and Danny and Deanna, each, for 25 percent of the Policy's benefits. In February 2010, Danny and Deanna each submitted a claim for the Policy's benefits; MetLife issued $44,500 in payment to each of them. In June 2011, Johnson submitted a claim for the FEGLI Policy's benefits.

MetLife alleges that the police department investigating the Decedent's death advised OFEGLI that Decedent's homicide is still an open, pending case and that Johnson is still a "person of interest" in the investigation. MetLife argues that an insurance company cannot make payments to a primary beneficiary where it has been specifically notified by the criminal authorities that an investigation of the beneficiary's participation in a decedent's death has not been closed. Therefore, MetLife did not render payment on Johnson's claim.

On November 17, 2011, MetLife filed this interpleader action because it could not determine the proper beneficiary of the remaining 50 percent of the Policy ($89,000) without risking exposure to double liability. MetLife alleges that it is "ready, willing, and able to pay the $89,000 of FEGLI Benefits in accordance with the terms of the FEGLI Policy, in whichever amounts and to whichever Defendant or Defendants the Court shall designate." (Compl. ¶ 19.)

On January 17, 2011, Johnson filed a Counterclaim against MetLife, alleging that he "has not been named a suspect in Decedent's death" and "has not been charged with any crime relating to Decedent's death." (Counterclaim ¶¶ 2, 3.) Johnson further alleges that MetLife has wrongfully withheld and unreasonably delayed payment of the Policy's benefits to Johnson and he is entitled to payment of $89,000, plus interest and attorney's fees, pursuant to 215 ILCS 5/155 ("Section 155"). (*Id.* ¶ 6.)

On March 23, 2012, MetLife deposited the contested funds in the amount of $91,673.65 with the Clerk of the Court, which includes the $89,000 that is the remaining 50 percent of the FEGLI Policy's benefits plus interest. (*See* Dkt. No. 18.)

## ANALYSIS

### *Interpleader*

MetLife's Motion to Dismiss will first be considered as to its interpleader action and then as to Johnson's Counterclaim.

### Federal Jurisdiction

Before considering the merits of MetLife's Motion, the Court must ensure that there is federal subject-matter jurisdiction of this interpleader action. *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008) (*Mahl*) (addressing whether federal jurisdiction existed

3

before reaching whether interpleader action is proper). This Court has jurisdiction of this action pursuant to 28 U.S.C.§ 1331 because this action arises under FEGLIA. Jurisdiction for claims arising under FEGLIA is governed by 5 U.S.C. § 8715, which provides that "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8715.

Furthermore, in addition, this Court appears to have jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between MetLife and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. MetLife alleges that it is a New York corporation. (Compl. ¶ 1.) In his Answer and Counterclaim, Johnson alleges that he is a resident and citizen of Ohio. (Answer ¶ 2.) MetLife alleges that Danny and Deanna are residents and citizens of Illinois; Johnson states he lacks information sufficient to admit or deny these allegations. (*Id.* ¶¶ 3-4.)

But in light of any ambiguity as to whether there is diversity jurisdiction, there is federal-question jurisdiction pursuant to 28 U.S.C. § 1331, as stated above. *Comm. Nat. Bank of Chicago v. Demos*, 18 F.3d 485, 487-488 (7th Cir. 1994) (*Demos*) ("Where diversity is lacking in Rule 22(1) interpleader actions, jurisdiction must arise from a federal statute.").

<u>Whether MetLife's Interpleader and Discharge of MetLife are Proper</u>

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Mahl*, 550 F.3d at 663 (citing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984). Courts have recognized two distinct stages for resolution of

4

interpleader cases. *See Mahl*, 550 F.3d at 663; *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (*Prudential*). "During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. During the second stage, the court determines the respective rights of the claimants to the interpleaded funds." *Prudential*, 553 F.3d at 262.

Under Federal Rule of Civil Procedure 22(a)1), "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." "Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims." *Mahl*, 550 F.3d at 663.

Johnson argues that MetLife's action is "premature" because Danny and Deanna have not yet filed appearances in this action or responded to the Complaint. (Resp. at 2.) Therefore, Johnson argues, it is not yet known whether there will be competing claims for the contested funds. Johnson's argument is not persuasive.

A stakeholder may file an interpleader action to protect itself against "potential, as well as actual, claims." *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999); *see also Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983) ("At this initial stage, the merits of these potential claims are irrelevant; the threat of multiple vexation by future litigation provides sufficient basis for interpleader under F.R.C.P. 22."). "The purpose of federal interpleader is to protect the stakeholder against the possibility of multiple liability on the same debt, even where only one claim is

5

pending." *Americo Fin. Life & Annuity Ins. Co. v. Kelly*, No. CV-F-04-5997 LJO, 2005 WL 2604196, at *4 (E.D. Cal. Oct. 13, 2005).

In this litigation, Johnson's status as a suspect in Decedent's homicide creates a disputed issue as to whom the Policy's benefits should be paid. Federal common law bars recovery of life insurance to a person implicated in the homicide of the insured. *Met. Life Ins. Co. v. White*, 972 F.2d 122, 124 (5th Cir. 1992) (citing *New York Mutual Life Ins. Co. v. Armstrong,* 117 U.S. 591 (1886)). Therefore, regardless of whether Danny or Deanna files an additional claim to the contested funds, Johnson cannot recover the Policy's benefits if this Court holds that his implication in Decedent's homicide is preclusive. Accordingly, because MetLife has a "real and reasonable fear of double liability or conflicting claims," its interpleader action is proper. *See Mahl*, 550 F.3d at 663.

The next inquiry is whether MetLife should be discharged from the interpleader action: the dismissal of MetLife from Johnson's Counterclaim will be discussed below. An interpleader action permits a "stakeholder who has no claim to the money in the accounts and is willing to release it to the rightful claimant, to put the money . . . in dispute into court, *withdraw from the proceeding*, and leave the claimants to litigate between themselves the ownership of the fund in court." *Demos*, 18 F.3d at 487-488 (emphasis added) (internal quotation omitted); *see also Prudential*, 553 F.3d at 262. "The result is that the competing claimants are left to litigate between themselves, while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Prudential*, 553 F.3d at 262 (internal quotation and citation omitted).

Accordingly, having deposited the proper funds with the Clerk of the Court, MetLife is dismissed from the interpleader action.

## MetLife's Costs

MetLife requests costs in the amount of $385.38, which it incurred in connection with filing this interpleader action: this includes the U.S. District Court filing fee and delivery fees for waiver of summons and service of Answer to Counterclaim. MetLife has attached the executed, notarized affidavit of its counsel attesting to these costs. (*See* Mot., Ex. 1.) "[A] court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business." *Mahl*, 550 F.3d at 667; s*ee also* 7 Fed. Prac. & Proc. Civ. § 1719 (3d ed.) (fees and costs "available only when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability"). These awards typically are drawn from the interpleader fund. *Id.*

MetLife's costs are reasonable and are not in the ordinary course of its business. Furthermore, it has admitted that it is liable for payment of 50% of the remaining benefits of the Policy, has deposited the funds with the Court, and has asked to be dismissed from the action. Accordingly, MetLife's request for $385.38 is granted and will be deducted from the funds MetLife deposited with the Clerk of the Court on March 23, 2012.

### *Johnson's Counterclaim*

Johnson argues that MetLife cannot be discharged from his Counterclaim because "MetLife may be required to pay additional sums to Johnson if the Court finds that it acted unreasonably in withholding the monies owed to Johnson" pursuant to Section 155.

(Resp. at 3.) The basis of Johnson's Section 155 Counterclaim is that MetLife has wrongfully withheld payment of the Policy's benefits because he has not been charged with any crime relating to Decedent's death. (Resp. at 3.) Section 155 of the Illinois Insurance Code provides for an award of attorney's fees and costs if an insurer's actions are "vexatious and unreasonable." 215 ILCS 5/155. A delay in settling a claim does not violate the statute if the delay results from a *bona fide* dispute regarding coverage. *Valdovinos v. Gallant Ins. Co.*, 733 N.E.2d 886 (Ill. App. Ct. 2000).

For purposes of MetLife's Motion to Dismiss, the facts alleged in Johnson's Counterclaim must be accepted as true. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Johnson alleges that he has not been named a suspect in Decedent's death and has not been charged with any crime relating to Decedent's death. (Counterclaim ¶¶ 4-5.) Therefore, he argues that MetLife's failure to pay Johnson the benefits from the Decedent's policy is unreasonable. In response, MetLife argues that because the police department investigating the Decedent's death repeatedly advised MetLife that Johnson remains a person of interest in the ongoing investigation, there is a *bona fide* dispute regarding coverage.

*Lutheran Brotherhood v. Comye*, 216 F. Supp. 2d 859 (E.D. Wisc. 2002) (*Lutheran Brotherhood*), relied upon by MetLife, is distinguishable. In *Lutheran Brotherhood*, a fraternal benefit society, filed an interpleader complaint because two claimants had filed conflicting claims to a decedent's death benefits from her annuity policy. The court dismissed with prejudice Lutheran Brotherhood as a party to the case and, in doing so, dismissed the counterclaims the defendants had asserted. *Id.* at 862. Importantly, however, neither defendant had objected to dismissal of the plaintiff.

8

At this stage of litigation, the Court is limited to considering the allegations in Johnson's Counterclaim. MetLife's argument that the police department informed MetLife that Johnson is a person of interest in Decedent's death is not properly considered at the pleading stage. There are factual issues regarding whether MetLife's decision to not pay Johnson the benefits of Decedent's policy is *bona fide* preclude dismissal of Johnson's Counterclaim at the pleading stage. Accordingly, MetLife's Motion to Dismiss is denied as to Johnson's Counterclaim.

## CONCLUSION

For the reasons set forth above, MetLife's Motion for Dismissal with Prejudice [14] is granted in part and denied in part. MetLife is dismissed with prejudice from the interpleader action but shall remain a party to Johnson's Counterclaim. Costs in the amount of $385.38 are awarded to MetLife and will be deducted from the funds MetLife deposited with the Clerk of the Court on March 23, 2012.

Date: June 13, 2012

JOHN W. DARRAH
United States District Court Judge