# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-8210 | **DATE** | 1/24/13 |
| **CASE TITLE** | Metropolitan Life Insurance Company v. Johnson, Sr. et al | | |

## DOCKET ENTRY TEXT

For the reasons set forth above, MetLife's Motion to Dismiss First Amended Counterclaim [32] is denied.

■[ For further details see text below.]                    Docketing to mail notices.

## STATEMENT

Before the Court is Metropolitan Life Insurance Company's ("MetLife") Motion to Dismiss Danny Johnson Sr.'s ("Johnson") Counterclaim. This case involves a dispute over the payment of death benefits from a life insurance policy issued by MetLife to the Geraldine Johnson Estate ("Decedent") in the amount of $178,000. On November 17, 2011, MetLife initiated an interpleader action pursuant to Federal Rule of Civil Procedure 22 against Johnson, Danny Johnson, Jr. ("Danny") and Deanna Johnson ("Deanna"). On March 6, 2012, MetLife filed a Motion to Deposit Funds and for Dismissal with Prejudice. Johnson subsequently filed a Counterclaim against MetLife. Danny and Deanna have not filed appearances in this case. MetLife's Motion was granted as to MetLife's request to deposit funds, and, on March 23, 2012, MetLife deposited funds in the amount of $91,673.65 with the Clerk of the Court. (*See* Dkt. No. 18.) On June 13, 2012, this Court dismissed MetLife with prejudice from the interpleader action but held that MetLife shall remain a party to Johnson's Counterclaim. *Metropolitan Life Ins. Co. v. Johnson*, No. 11-cv-8210, 2012 WL 2192283, *5 (N.D. Ill. June 13, 2012). Johnson filed an Amended Counterclaim on June 13, 2012, alleging breach of contract (Counterclaim Count I) and breach of the Illinois Insurance Code (Count II).

The Court must determine whether it has subject-matter jurisdiction over Johnson's Amended Counterclaim, which sets forth state-law claims. This Court held that it had federal jurisdiction over MetLife's complaint pursuant to 28 U.S.C.§ 1331, because the action was governed by Federal Employees' Group Life Insurance Act (the "FEGLIA"), as well as § 1332, because there was complete diversity between MetLife and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. In Johnson's Amended Counterclaim, he asserts that the Court has supplemental jurisdiction over this Counterclaim because the Court had original federal jurisdiction over the interpleader. Although MetLife has been dismissed from the interpleader, the action itself still remains before this Court. It also appears that the Court still retains diversity jurisdiction over this action. 7 Wright, Miller & Kane § 1710 ("[F]ederal courts wisely have chosen to proceed to the second stage of interpleader either on the notion that once diversity jurisdiction exists in a rule-interpleader case it is not lost when the stakeholder is discharged or by invoking the theory that there is ancillary jurisdiction over the second stage of the interpleader."); *see also*

# STATEMENT

*Leimbach v. Allen*, 976 F.2d 912 (4th Cir. 1992) ("[T]he district court had jurisdiction of this interpleader action when filed and retained the same although the insurers were dismissed prior to final judgment.").

In Count I of Johnson's Amended Counterclaim, Johnson alleges that "MetLife breached the terms of the policy by failing to timely pay the benefits of the policy as set forth in Decedent's beneficiary designation form" and seeks damages "for breach of contract in the amount of benefits due under Decedent's policy, plus costs, prejudgment interest, and other such relief." (Am. Counterclaim ¶¶ 20-21.) In Count II, Johnson seeks attorney's fees and statutory damages for unreasonable and vexatious delay in settling a claim under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155.

As to Count I, MetLife argues that Johnson cannot seek recovery of the benefits under Decedent's policy because MetLife has already deposited the FEGLIA benefits with the Clerk of the Court, pursuant to this Court's order, and Johnson cannot require MetLife to pay FEGLIA benefits twice. In his response, Johnson concedes this point, arguing that his "Counterclaim does not seek the actual FEGLIA benefits, as those have been deposited with the Court." (Resp. at 3.) Thus, Count I of his Counterclaim is limited to Johnson's request for attorney's fees and interest.

MetLife argues that Johnson's request for attorney's fees and interest in Count I of his Counterclaim and statutory damages in Count II of his Counterclaim is preempted by FEGLIA. MetLife's argument fails because FEGLIA does not preempt Johnson's state claims. The Seventh Circuit has explained preemption as follows:

> Preemption comes in three forms. First, and the easiest to apply, is express preemption which occurs when Congress clearly declares its intention to preempt state law. Second, we have implied preemption which occurs when the "structure and purpose" of federal law shows Congress's intent to preempt state law. Finally, we come to conflict preemption which occurs when there is an actual conflict between state and federal law such that it is impossible for a person to obey both.

*Mason v. SmithKline Beecham Corp.*, 596 F.3d 387, 390 (7th Cir. 2010). "Federal preemption is an affirmative defense upon which the defendant bears the burden of proof." *Fifth Third Bank v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005).

MetLife appears to rely on express preemption. (*See* Mot. at 3.) MetLife cites to Section 8709(d)(1) of FEGLIA: "The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State . . . which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provision." FEGLIA § 8709(d)(1). Notably, the statute only preempts state law that "relates to group life insurance" and that is "*inconsistent* with the contractual provisions" of the FEGLIA policy.

MetLife has not met its burden of showing how Johnson's Counterclaim is inconsistent with the FEGLIA policy. In a recent case also involving MetLife, the court noted the "explicit preemption clause in FEGLIA is quite narrow" and that "[t]he extremely limited scope of this language reveals Congress' intent not to preempt the role of the states in supplementing federal regulation, but rather an intent to preserve it." *Herrera v. Metro. Life Ins. Co.*, No. 11-cv-1901, 2011 WL 6415058, at *4 (S.D.N.Y. Dec. 19, 2011). Other courts have held that FEGLIA does not preempt state-law claims that are "asserted independent of any determination by [the insurer] as to the rightful beneficiary of the policy proceeds, and the claims do not seek the policy proceeds as damages." *Metro. Life Ins. Co. v. Barbour*, 555 F. Supp. 2d 91, 98 (D.D.C. 2008) ("the counterclaimants' tortious interference with and breach of contract claim . . . does not appear to be premised on receiving the policy proceeds based on MetLife's beneficiary determination, and accordingly, it would likewise fall outside the scope of FEGLIA's preemption provision."); *see also Devlin v. United States*, 352 F.3d 525, 544 (2d Cir. 2003) (holding that plaintiff's negligence claim was preempted by FEGLIA because it "does not seek to function as an alternative enforcement mechanism to obtain benefits under a

## STATEMENT

FEGLIA policy . . . Plaintiff is not asking to be paid benefits under a FEGLIA policy . . . [s]he is seeking to be compensated for [ ] negligence."). .

Similarly, here, Johnson's counterclaims do not seek a determination as to whether he is the rightful beneficiary of the benefits of the Decedent's policy. As Johnson concedes, Johnson has filed a motion seeking the funds deposited with the Court, which was withdrawn pending resolution of this Motion. (Resp. at 3.) Accordingly, Johnson's Amended Counterclaim is not preempted.

In fact, the Decedent's policy provides for attorney's fees and interest. The policy provides: "In any action at law or in equity, the Beneficiary of record or claimant shall be limited in the amount of recovery to the benefit claimed, plus reasonable attorney's fees as set by the court." (Mot., Ex. 1 at MET0206.) The policy further provides that the term "'benefit claimed' is limited to . . . interest as specified in subsection C of Section 4 hereof." (*Id.*) That section requires MetLife "to pay interest, as determined by the Insurance Company to be equal to the prevailing delayed settlement interest rate [MetLife] pays its other large groups." (*Id.* at MET0211.) Furthermore, Amendment 65(A) of the policy provides that "no interest shall be payable for a period (a) in excess of two years or (b) when payment has been prevented pursuant to orders, regulations, or advice of the United States Government." (*Id.* at MET0198.)

MetLife argues that Johnson seeks to improperly amend his Counterclaim because he makes an argument in his Response that is not allegedly contained in his Counterclaim. Johnson argues that MetLife has failed to calculate the proper interest rate when it deposited funds with the Clerk of the Court. This argument is not persuasive. Johnson seeks prejudgment interest in his Amended Counterclaim, which provides MetLife with sufficient notice, particularly where the policy at issue contains an express standard for calculating such interest rate.

For the reasons set forth above, MetLife's Motion to Dismiss Johnson's First Amended Counterclaim [32] is denied.