Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-8210 | **DATE** | 4/11/13 |
| **CASE TITLE** | Metropolitan Life Insurance Company v. Johnson, Sr. et al | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendant Danny Johnson, Sr.'s Motion for Summary Judgment [57] is granted.

■[ For further details see text below.]  Docketing to mail notices.

**STATEMENT**

     Before the Court is Danny Johnson, Sr.'s ("Johnson")'s Motion for Summary Judgment. This case involves a dispute over the payment of death benefits from a life insurance policy issued by MetLife to the Geraldine Johnson Estate ("Decedent") in the amount of $178,000. On November 17, 2011, MetLife initiated an interpleader action pursuant to Federal Rule of Civil Procedure 22 against Johnson, Danny Johnson, Jr. ("Danny") and Deanna Johnson ("Deanna"). On March 6, 2012, MetLife filed a Motion to Deposit Funds and for Dismissal with Prejudice. Johnson subsequently filed a Counterclaim against MetLife. Danny and Deanna have not filed appearances in this case. MetLife's Motion was granted as to MetLife's request to deposit funds, and, on March 23, 2012, MetLife deposited funds in the amount of $91,673.65 with the Clerk of the Court. (*See* Dkt. No. 18.) On June 13, 2012, this Court dismissed MetLife with prejudice from the interpleader action but held that MetLife remained a party to Johnson's Counterclaim. *Metropolitan Life Ins. Co. v. Johnson*, No. 11-cv-8210, 2012 WL 2192283, *5 (N.D. Ill. June 13, 2012) (*Metropolitan Life Ins. Co.*) Johnson filed an Amended Counterclaim on June 13, 2012, alleging breach of contract (Counterclaim Count I) and breach of the Illinois Insurance Code (Count II). On January 24, 2013, this Court denied MetLife's Motion to Dismiss the Amended Complaint. (*See* Dkt. No. 54.)

     On March 13, 2013, Johnson filed a stipulation pursuant to Fed. R. Civ. P. Rule 41 that dismissed his Counterclaim against MetLife. On March 27, 2013, this Court granted Johnson's Motion for a Default Order against Danny and Deanna because those Defendants had not filed appearances or answered MetLife's Complaint, despite being served. (*See* Dkt. No. 63.) Accordingly, Johnson is the only party remaining in this action.

     Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999).

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). There are two distinct states for resolution of interpleader cases. "During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. During the second stage, the court determines the respective rights of the claimants to the interpleaded funds." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (*Prudential Ins. Co.*) (internal citations omitted).

In its June 13, 2012 Order, this Court dismissed MetLife from the interpleader proceeding because MetLife was a disinterested stakeholder and had already deposited the funds with the Clerk of the Court. *Metropolitan Life Ins. Co.*, 2012 WL 2192283, at *5. Now that Johnson has dismissed his Counterclaim against MetLife, there are no other actions pending before this Court, and the Court must determine the rights of any claimants to the funds. *See Prudential Ins. Co.*, 553 F.2d at 262.

Johnson is the only person who has asserted a claim to those funds. This Court has entered a Default Order against the other Defendants, and there are no other competing claims to those funds. There are no issues of material fact that would preclude awarding Johnson the insurance benefits that have been deposited with the Clerk of the Court.

Accordingly, Johnson's Motion for Summary Judgment [57] is granted, and judgment is entered in favor of Johnson. The Clerk of the Court is ordered to pay Johnson the amount of $91, 673.65, except that the Clerk shall deduct the $385.38 awarded MetLife in costs by this Court's June 13, 2012 Order and add the appropriate amount of interest that has accrued since March 23, 2012. The civil case is terminated.